# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:19-CR-159-S |
| | ) | |
| SIDNEY RAY WILLIAMS | ) | |

## MEMORANDUM OPINION AND DETENTION ORDER

By *Special Order 3-251*, before the Court is *Defendant's Motion to Reconsider Detention Order*, filed April 26, 2019 (doc. 17). Sidney Ray Williams (Defendant) appeared in person and through counsel for a hearing on May 15, 2019. Based on the relevant filings, evidence of record in the prior detention hearing, and the applicable law, the motion to reconsider is **GRANTED**, and Defendant is ordered detained.

## I.

Defendant was charged by criminal complaint dated March 5, 2019, with being a felon in unlawful and knowing possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Williams*, 3:19-MJ-224-BN (N.D. Tex.), doc. 1. He was arrested in this district and made his initial appearance on March 7, 2019. *See id.*, doc. 4. The Government moved to detain Defendant and for a continuance of the hearing, and the court granted the motion and ordered that Defendant be temporarily detained. *See id.*, docs. 3, 7.

On March 8, 2019, Defendant appeared in person and through his appointed counsel for preliminary and detention hearings. *See id.*, doc. 8. Based on the testimony of the Government's witness, the Court found probable cause to believe that Defendant had committed the crime charged in the complaint. *See id.*, doc. 10. It found that a law enforcement officer conducted a traffic stop of a vehicle driven by Defendant on March 5, 2019, and observed that Defendant

appeared to be wearing body armor and tactical gear, including two pistols and loaded handgun magazines. *Id.* The officer confirmed that Defendant had a prior felony conviction. *Id.* The two pistols turned out to be paintball guns, but the magazines were loaded .45 caliber handgun magazines, and Defendant had a single round of .9 mm ammunition in his pocket. *Id.* The Court found that marihuana was also recovered from the vehicle. *Id.* Defendant was transported to the Dallas County Jail, and as he was about to searched, he disclosed that he had a loaded .45 caliber handgun in his vest. *Id.* The officer located the loaded weapon, which had an obliterated serial number. *Id.*

After considering the testimony of the witnesses, the arguments, the pretrial services report and the factors listed in 18 U.S.C. § 3142(g), the Court found that the Government had met its burden to establish by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community and ordered Defendant detained. *Id.* (citing 18 U.S.C. § 3142 (f)(2) (setting forth standard as clear and convincing evidence)). It noted that Defendant's criminal history included convictions for drugs, robbery, and possession of a weapon in a penal institute, and in particular, it noted the fact that he had a concealed loaded handgun while being transported to jail, endangering the lives of the transporting officers. *Id.*

## II.

Defendant seeks reconsideration of the order of detention to correct alleged manifest errors of law and fact. (doc. 17 at 1.) He contends that he was detained because he failed to volunteer information that would incriminate him in violation of the Fifth Amendment to the Constitution, and that the Court erroneously found that he possessed marihuana at the time of

2

arrest. (*Id.* at 4-6.)

Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (*citing United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982 (1982)); *see also United States v. Brewer*, 60 F. 3d 1142, 1143 (5th Cir. 1995) ("a motion for reconsideration ... is a judicial creation not derived from statutes or rules"). Courts have "continuing jurisdiction over criminal cases and are free to reconsider [their] earlier decisions." *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). In the context of criminal proceedings, courts have applied the same legal standards as for motions for reconsideration in civil cases. *United States v. Evans*, No. 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018); *United States v. Cramer*, No. 1:16-CR-26, 2018 WL 7821079, at *2 (E.D. Tex. Mar. 8, 2018); *United States v. Fisch*, No. H-11-722, 2014 WL 309068, at *1 (S.D. Tex. Jan. 28, 2014).

Where a motion for reconsideration challenges a final civil judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion seeking relief from judgment under Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion challenges an interlocutory order, it is considered under Rule 54(b). *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment

3

adjudicating all the claims and all the parties' rights and liabilities." In deciding motions under Rule 54(b), district courts looked to Rule 59(e). *See WorkSTEPS, Inc. v. ErgoScience, Inc.*, 88 F. Supp. 3d 752, 758 (W.D. Tex. 2015). It "'serve[s] the narrow purposes of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). This is precisely the standard that courts have used to consider motions for reconsideration in the criminal context. *See United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (finding that motions for reconsideration in criminal cases "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.").

As the Fifth Circuit has more recently made clear in the civil context, however, a "'trial court is free to reconsider and reverse [an interlocutory order or] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere,* 910 F.2d at 173). It has specifically noted the flexibility in Rule 54(b), which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017). Given the Fifth Circuit's finding of district courts' continuing jurisdiction over criminal cases and freedom to reconsider earlier decisions, *Scott*, 524 F.2d at 467, this more flexible standard likewise appears applicable in the context of a motion to reconsider a detention order.

Here, Defendant claims that he was detained based on manifest errors of law and fact

4

because he failed to incriminate himself in violation of his Fifth Amendment rights, and no evidence was presented at the hearing to show that he possessed marihuana at the time of arrest. He relies on the oral explanation of why he was being detained at the conclusion of the detention hearing to support his claim that he was detained because he failed to volunteer self-incriminating information:

> But the significant thing to me here is that you get pulled over by a trooper who's clearly concerned that you've got this body armor and what appears to be two weapons on your belt, and they've confirmed that you've got felony convictions, and you're holding a loaded weapon inside your vest **that you don't disclose until you're about to get searched to be booked in.** That's a concern to me, ...because clearly you know they're looking at it. It's a safety issue. You put the lives of those officers in danger. You ran around carrying a gun and marijuana, and that is -- that's a -- you put those officers' lives in danger. **And that's why** I'm ordering that you be detained and finding that the Government has met its burden.

(doc. 17 at 4 (emphasis original to motion).)

The statement reflects the significance to the Court of Defendant's possession of a loaded concealed weapon inside his vest, especially during his transport to jail. This is consistent with the reasoning set out in the detention order that he posed a danger to the community by clear and convincing evidence because of his criminal history in connection with his possession of a loaded concealed handgun while being transported to jail, which endangered officers' lives. Defendant voluntarily disclosed his possession of the weapon as he was about to searched again prior to being booked into jail. The particular portion of the statement upon which he relies may also be interpreted, and was intended, as a comment on the timing of Defendant's voluntary disclosure, i.e., right as the loaded concealed weapon was about to be discovered. The statements that followed focused on Defendant's *possession* of a loaded weapon and the danger to the officers, however. As recited in the order, this is the reason he was detained.

5

Nevertheless, Defendant's interpretation of the statement is understandable. To the extent that the decision to detain Defendant may in any way be interpreted as being predicated on his failure to voluntarily disclose incriminating information, the Court finds that reconsideration of the detention order is justified under the specific circumstances of this case, and his motion for reconsideration is **GRANTED**. The issue of detention is reconsidered based on the evidence presented at the detention hearing, since as Defendant conceded at the hearing, a new detention hearing is not required.

### III.

After considering the testimony of the witnesses, the arguments, the pretrial services report and the factors listed in 18 U.S.C. § 3142(g), this Court finds that the Government has met its burden to establish by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142 (f)(2) (setting forth standard as clear and convincing evidence). Defendant's criminal history includes convictions for drugs, robbery, and possession of a weapon in a penal institute. At the time of arrest, he appeared to be wearing body armor and tactical gear, and he was in possession of ammunition and a loaded handgun with an obliterated serial number concealed inside his vest. He was also in possession of what appeared to the officer to be marihuana at the time of arrest. These facts, combined with Defendant's serious prior criminal history, suffice to establish danger to the community. His possession of that loaded concealed handgun while being transported to jail also specifically endangered the lives of the transporting officers.

Given the nature and circumstances of the offense; the weight of the evidence against

Defendant; the characteristics of the defendant; and the nature and seriousness of the danger to any person or the community posed by Defendant's release, the Court finds that the Government has presented clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance or the safety of the community. Accordingly, the Government's motion for detention is GRANTED.

It is therefore ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, and that Defendant, while being so held, be afforded reasonable opportunity for private consultation with his counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings in the Northern District of Texas.

**SO ORDERED** on May 16, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE